United States District Court
Southern District of Texas
**ENTERED**
December 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FELICIA DRAKE,                          §
                                        §
              Plaintiff,                §
                                        §
v.                                      §        CIVIL ACTION NO. H-23-2906
                                        §
CITIMORTGAGE, INC.,                     §
                                        §
              Defendant.                §

## MEMORANDUM OPINION AND ORDER

Felicia Drake ("Plaintiff") filed this action against
CitiMortgage, Inc. ("Defendant"), challenging a scheduled
foreclosure of her property.[1]  Pending before the court is
Defendant's Motion to Dismiss ("Defendant's MTD") (Docket Entry
No. 3).  For the reasons explained below, Defendant's MTD will be
granted, and this action will be dismissed.

### I.   Background

In 2008 Betty Tanner ("Borrower") took out a loan to purchase
the Property and granted a lien on the Property through a Deed of
Trust.[2]  In 2022 Plaintiff purchased the Property at a foreclosure

_____

[1]Plaintiff's Original Petition and Application for Temporary
Restraining Order and Injunctive Relief ("Petition"), Exhibit D to
Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 1, 11-12.
The case concerns real property located at 1002 Lorena Springs
Lane, Houston, Texas 77023 ("the Property").  Id. at 3 ¶ 10.  For
purposes of identification all page numbers reference the
pagination imprinted at the top of the page by the court's
Electronic Case Filing ("ECF") system.

[2]Deed of Trust, Exhibit A to Defendant's MTD, Docket Entry
No. 3-1, pp. 2-3.  The court takes judicial notice of this public
(continued...)

sale initiated by the Property's homeowner association (the "HOA").[3]  When the HOA was originated in 2007 the grantor publicly filed a declaration of the HOA's rights with respect to the Property (the "HOA Rights Declaration"), including a lien securing payment of HOA fees.[4]  The HOA Rights Declaration states that the HOA lien "shall be subordinate to any valid purchase money lien or mortgage covering a Lot and any valid lien securing the cost of development or construction . . ."[5]

Defendant scheduled a foreclosure sale of the Property for Tuesday, August 1, 2023.[6]  On July 31, 2023, Plaintiff filed this action in Harris County District Court challenging the foreclosure sale.[7]  Plaintiff alleges that Defendant did not "exercise [its] right of redemption on the property" and that she is now the owner

---

[2](...continued)
record.  Defendant states that it was later assigned the Deed of Trust.  The assignment of the Deed of Trust is not disputed by the Petition or Plaintiff Felicia Drake's Response to Defendant's Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 14).

[3]Petition, Exhibit D to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 4 ¶ 11; Defendant's Motion to Dismiss, Docket Entry No. 3, p. 8 ¶ 7.

[4]Supplemental Declaration of Covenants, Conditions and Restrictions of Northview Place, Section Six, Exhibit B to Defendant's MTD, Docket Entry No. 3-2, pp. 31-32 § 7.1.  The court takes judicial notice of this public record, and Plaintiff's Response does not dispute its authenticity or accuracy.

[5]Id. at 39-40 § 7.7.

[6]Notice of [Substitute] Trustee's Sale, Exhibit D to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 20.

[7]Petition, Exhibit D to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 2.

of the Property.[8]  Plaintiff alleges claims of "misrepresentation"
and wrongful foreclosure, seeks a declaratory judgment that she is
"the sole and rightful owner," and requests an injunction
prohibiting foreclosure.[9]  Defendant removed the case to this
court.[10]  Defendant filed its Motion to Dismiss, Plaintiff
responded, and Defendant replied.[11]

## II.  Legal Standard

Under Federal Rule of Civil Procedure 8(a), a "pleading that
states a claim for relief must contain:  . . . (2) a short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8(a).  "To survive a motion to dismiss
[under this pleading standard], a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief that
is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,
1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct.
1955, 1974 (2007)).

Rule 9(b) imposes a higher pleading standard for allegations
of fraud:  "[i]n alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."

---

[8]Id. at 4 ¶¶ 14, 17.

[9]Id. at 4-7, 11-12.

[10]Defendant's Notice of Removal, Docket Entry No. 1.

[11]Defendant's MTD, Docket Entry No. 3; Plaintiff's Response,
Docket Entry No. 14; Reply in Support of CitiMortgage's Motion to
Dismiss ("Defendant's Reply"), Docket Entry No. 18.

Fed. R. Civ. P. 9(b).   This "demands 'the who, what, when, and where to be laid out.'"   <u>Elson v. Black,</u> 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting <u>Williams v. WMX Technologies, Inc.,</u> 112 F.3d 175, 178 (5th Cir. 1997) (brackets omitted).   "Plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"   <u>Id.</u>

"[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."   <u>Norris v. Hearst Trust,</u> 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### III.  <u>Analysis</u>

Defendant argues that Plaintiff has failed to state a valid claim, that Plaintiff's declaratory judgment request does not present a justiciable controversy, and that — in the absence of a viable cause of action — Plaintiff is not entitled to an injunction.[12]   Plaintiff responds that her claims are adequately pled and, in the alternative, requests leave to amend any deficiency.[13]

### A.  Misrepresentation

Defendant argues that Plaintiff has failed to plead either a claim for negligent misrepresentation or fraud/fraudulent

---

[12]Defendant's MTD, Docket Entry No. 3, pp. 9-10.

[13]Plaintiff's Response, Docket Entry No. 14, p. 6 ¶ 15.

misrepresentation.[14]  Among the elements of each claim are a misrepresentation by the defendant and detrimental reliance by the plaintiff.  Willis v. Marshall, 401 S.W.3d 689, 698 (Tex. App.—El Paso 2013) (negligent misrepresentation); JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 S.W.3d 648, 653 (Tex. 2018) (fraud).  Neither the Petition nor Plaintiff's Response specifies what misrepresentation Defendant made or how Plaintiff detrimentally relied on Defendant's statements.  In opposition, Plaintiff relies on the facts that Defendant did not send her a notice of the foreclosure sale and that there are funds in the state court's registry leftover from the HOA foreclosure.[15]  The court does not discern any relevance of these facts to the elements of fraud or negligent misrepresentation.  Because the Petition does not allege facts to support a claim for fraud or negligent misrepresentation, Defendant's MTD will be granted as to Plaintiff's "misrepresentation" claim.

## B.   Wrongful Foreclosure

Defendant argues that Plaintiff's claim for wrongful foreclosure fails as a matter of law because a completed foreclosure is a threshold element.  See Foster v. Deutsche Bank National Trust Co., 848 F.3d 403, 407 (5th Cir. 2017).  Plaintiff responds without elaboration that her allegations support a

---

[14]Defendant's MTD, Docket Entry No. 3, p. 11 ¶ 15.

[15]Plaintiff's Response, Docket Entry No. 14, pp. 8-9 ¶¶ 26-27.

wrongful foreclosure claim.[16]  Because Defendant has not completed a foreclosure in this case — a prerequisite of a wrongful foreclosure claim — this claim fails as a matter of law.

In the alternative, Plaintiff urges that her claim should be construed as a violation of the foreclosure notice requirement in Texas Property Code § 51.002(b)(3).  Plaintiff does not cite any authority that a property owner is entitled to notice of a foreclosure based on a Deed of Trust to which she was not a party. Defendant cites several cases holding that such notice is not required.  See Rodriguez v. Ocwen Loan Servicing, LLC, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam); Stanley v. CitiFinancial Mortgage Co., Inc., 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003). Even under this strained construction of the Petition, this claim would fail as a matter of law.

## C.  Declaratory Judgment

Defendant argues that Plaintiff's request for declaratory judgment should be construed as a quiet title claim and that it fails as a matter of law.  "The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."  Vernon v. Perrien, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012).  Whether the claim is construed as a

---

[16]Plaintiff's Response, Docket Entry No. 14, p. 10 ¶ 30.

-6-

quiet title claim or a request for early adjudication of the impending foreclosure's validity, Plaintiff would have to show that Defendant's claimed lien is invalid. Plaintiff's only allegations in support of this claim are that Defendant did not exercise its right of redemption and that there are leftover funds from the HOA foreclosure that would satisfy Defendant's lien.

"Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed." Conversion Properties, L.L.C. v. Kessler, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999). Plaintiff does not dispute the public records cited by Defendant, which make clear that the HOA lien was subordinate to Defendant's lien. Nor does Plaintiff allege any facts showing that Defendant's prior lien is invalid.

The surplus funds from the HOA foreclosure do not affect Defendant's lien for several reasons, including the fact that a senior lienholder is not entitled to surplus funds from a junior foreclosure. Id. at 814. Plaintiff has not alleged facts that would plausibly entitle her to the requested declaratory relief. Defendant's request for declaratory judgment is not adequately pled and fails as a matter of law.

## D.   Injunctive Relief

Because there is no valid cause of action underlying Plaintiff's requests for injunctive relief, they will be dismissed. See Reyes v. North Texas Tollway Authority, (NTTA), 861 F.3d 558, 565 n.9 (5th Cir. 2017).

**E.    Leave to Amend**

Plaintiff requests leave to amend any pleading deficiencies. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is within the district court's discretion to deny a motion to amend if it is futile." Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." Marucci Sports, L.L.C. v. National Collegiate Athletic Association, 751 F.3d 368, 378 (5th Cir. 2014). "Movants must 'give the court at least some notice' of what the amendments would be and how those amendments would 'cure the initial complaint's defects.'" Nix v. Major League Baseball, 62 F.4th 920, 935 (5th Cir. 2023) (quoting Scott v. U.S. Bank National Association, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam), as revised (Nov. 26, 2021)). "Thus, a court may deny leave where 'the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured.'" Id.

Plaintiff provides very little information about what amendments it would make if granted leave. The only allegation Plaintiff identifies is that Defendant did not provide Borrower with the required foreclosure notice.[17] But Texas law does not permit Plaintiff to challenge the sufficiency of foreclosure notice on Borrower's behalf. Mercer v. Bludworth, 715 S.W.2d 693, 698

---

[17]Plaintiff's Response, Docket Entry No. 14, p. 9 ¶ 26.

(Tex. App.—Houston [1st Dist.] 1986).[18]   Before responding to
Defendant's MTD, Plaintiff attempted to file an amended complaint,
which the court denied.   But the amendments Plaintiff proposed
would not fix the deficiencies identified by Defendant.   Having
reviewed the Petition and Plaintiff's Response, the court concludes
that granting Plaintiff leave to amend would be futile.   Therefore,
Plaintiff's request for leave to amend will be denied.

### IV.   Conclusion and Order

Plaintiff has failed to state a claim for fraud, negligent
misrepresentation, and wrongful foreclosure; and her requests for
declaratory judgment and injunctive relief fail as a matter of law.
Defendant's Motion to Dismiss (Docket Entry No. 3) is therefore
**GRANTED**, and Plaintiff's request for leave to amend (contained in
Docket Entry No. 14) is **DENIED**.   This action will be dismissed with
prejudice.

**SIGNED** at Houston, Texas, on this 14th day of December, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[18]Disapproved of on other grounds by Shumway v. Horizon Credit
Corp., 801 S.W.2d 890 (Tex. 1991).

-9-